IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARK D. FLYNN | § | |
| | § | |
| | § | |
| V. | § | A-12-CA-68 LY |
| | § | |
| SOUTHWEST WRECKER INC. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The undersigned magistrate judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

I.

This is a pro se civil action brought by Mark D. Flynn against Southwest Wrecker Inc. On January 23, 2012, Plaintiff filed his Application to Proceed In Forma Pauperis (Clerk's Dkt. #1) and submitted his Original Complaint. Because Plaintiff is requesting permission to proceed in forma pauperis, this Court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).[1] The information Plaintiff provided in his complaint was

---

[1]That statute provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A)    the allegation of poverty is untrue; or
    (B)    the action or appeal--

insufficient for the Court to properly evaluate his complaint under 28 U.S.C. §1915(e)(2) to determine whether he states cognizable claims over which this Court has jurisdiction.

The undersigned thus ordered Plaintiff to file a document entitled "More Definite Statement," providing additional information in response to specific questions posed in the order. The additional information Plaintiff provided in his Answer to Court's Sua Sponte Propounded Interrogatories (Clerk's Dkt. #3) was still insufficient for the Court to properly evaluate his complaint under 28 U.S.C. §1915(e)(2) to determine whether he states cognizable claims over which this Court has jurisdiction. Therefore, the undersigned ordered Plaintiff to file another "More Definite Statement" on or before March 21, 2012. Plaintiff was instructed he must provide support for his allegations against Defendant by simply stating, in his own words, each action Defendant took which Plaintiff believes was unlawful and the harm Defendant caused him. The undersigned provided a list of questions for Plaintiff to answer as part of the more definite statement. Plaintiff was admonished that his failure to timely file the More Definite Statement would result in this Court's recommending dismissal of Plaintiff's complaint for want of prosecution. To date, however, Plaintiff has failed to respond to the Court's order.

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in

---

(i)  is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

the disposition of pending cases." *Baldwin v. Gladstone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962)). Such a dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *Berry v. CINA/RSI-CINA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

### III.

Plaintiff has ignored a court order requiring him to provide additional information regarding the factual basis of his complaint. Without this information, the Court cannot perform the review and recommendation as to the merits of Plaintiff's claims required under 28 U.S.C. § 1915(e) and this litigation cannot proceed. Dismissal is clearly appropriate under the circumstances. *See* FED. R. CIV. P. 41(b) (authorizing dismissal of case for failure of plaintiff to prosecute); *Dorsey v. Scott Wetzel Serv.*, 84 F.3d 170, 171 (5th Cir. 1996) (Rule 41(b) authorizes district court to dismiss action with prejudice for want of prosecution by plaintiff).

The referral of this case to the Magistrate Court should now be cancelled.

### IV.  RECOMMENDATION

The Magistrate Court hereby **RECOMMENDS** the District Court dismiss Plaintiff's cause of action without prejudice pursuant to Fed. R. Civ. P. 41(b).

### V.  WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See*

*Battles v. United States Parole Common*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

To the extent that a Party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of March, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE